**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

CUSTOM HAIR DESIGNS BY SANDY, LLC, and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CENTRAL PAYMENT CO., LLC,

Defendant.

Civil Action No.: 8:17-CV-00310

**RULE 26(f) REPORT**

**JOINT PLANNING REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's October 17, 2017 Order [Doc. No. 15], Plaintiffs' Counsel Eric Barton of Wagstaff & Cartmell, LLP and defense counsel Jonathan Chally of King & Spalding LLP conferred on November 3, 2017, and hereby jointly submit their Planning Report and Discovery Plan as follows:

**I. INITIAL MATTERS:**

A. Jurisdiction and Venue: The defendant

_____ does

__X__ does not

contest jurisdiction and/or venue as to the named Plaintiffs' claims. Defendant, however, does not consent to jurisdiction or venue for claims of all potential members of the putative class and reserves its right to contest jurisdiction or venue as to such claims.

B. Immunity: The defendant

_____ has raised

_____ will raise

(Rev. 6/9/11)

   __X__ will not raise

C. If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. Defendant does not wish to delay proceedings to address jurisdiction or venue issues related to claims of potential members of the putative class.

D. Rule 11 Certification: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). N/A.

## II. CLAIMS AND DEFENSES:

A. Plaintiffs' Claims, Elements: The elements of the plaintiffs' claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof. (DO NOT repeat boilerplate allegations from pleadings):

1) CLAIM ONE: BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.

Elements: Under Nebraska law, breach of contract requires: (1) the existence of a promise, (2) its breach, (3) damage, and (4) compliance with any conditions precedent that activate the opposing party's duty. *See Henriksen v. Jim's Body Shop*, 643 N.W.2d 652, 658 (Neb. 2002). The implied covenant of good faith and fair dealing exists in every contract and requires that none of the parties to the contract do anything which will injure the right of another party to receive the benefit of the contract. *Coffey v. Planet Grp., Inc.*, 845 N.W.2d 255, 263 (Neb. 2014). The covenants are measured by the justifiable expectations of the parties. *Id.* Where one party acts arbitrarily, capriciously, or unreasonably, that conduct exceeds the justifiable expectations of the second party. *Id.*

Plaintiffs' Factual Application: Plaintiffs, and others similarly situated, entered into Merchant Processing Application & Agreements with Defendant CPAY which established a pricing methodology for credit card

transactions, miscellaneous fees, and card association fees. Defendant breached its contracts with Plaintiffs, including the covenant of good faith and fair dealing, in ways common to all members of the putative class, when Defendant unilaterally increased rates and fees and debited unauthorized monies from Plaintiffs' accounts. Specifically, Defendant engaged in a pattern and practice that inflated the applicable discount rates, enlarged card association fees, and added additional fees which were not disclosed by Defendant, were concealed from Plaintiffs through Defendant's deceptive practices, and were not otherwise agreed to by Plaintiffs. Plaintiffs have sustained damages for Defendant's charges in excess of the agreed upon rates and fees. Plaintiffs will, on behalf of the putative class, be able to prove the fact of injury and damages to the class on a class-wide basis with evidence common to the class.

Defendant's Response: Defendant disputes these allegations and Plaintiffs' contention that they can establish any element of their asserted claims for breach of contract (or breach of the covenant of good faith and fair dealing). Even if, as Plaintiffs contend, they entered into agreements with Defendant for payment processing services, Defendant in no way charged Plaintiffs fees that were inconsistent with the parties' agreements or otherwise breached any promise reflected in such agreements. Defendant further disputes that it concealed or inflated any fees charged to Plaintiffs, or that Defendant took any action leading to a breach of the covenant of good faith and fair dealing. Moreover, Plaintiffs cannot establish their compliance with contractual provisions that would be necessary for them to recover on their claims. This includes, but is not limited to, Plaintiffs failure to comply with contractual notice requirements. Defendant also disputes that Plaintiffs suffered any injury or damages as a result of an alleged breach by Defendant.

Beyond the deficiencies of the asserted individual claims, Defendant disputes Plaintiffs' contention that this case can be pursued as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Among other deficiencies in their attempt to proceed on a class basis, Plaintiffs will not be able to establish that issues common to the putative class predominate over individualized issues or that there is a common methodology for determining injury and damages to the putative class. For these and other reasons, Plaintiffs will not be able to establish the requirements to certify a class under Rule 23.

B. Defenses. The elements of the affirmative defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof. (DO NOT repeat boilerplate

allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

1) DEFENSE ONE: FAILURE TO STATE A CLAIM

Discussed above because Plaintiffs bear the burden of proof to establish their claims.

2) DEFENSE TWO: CLAIMS BARRED BY CONTRACT

Discussed above because Plaintiffs bear the burden of proof to establish their claims, including their compliance with contractual obligations necessary to proceed on a claim for breach of contract.

3) DEFENSE THREE: STATUTE OF LIMITATIONS OR LACHES

Unless otherwise agreed, a claim for breach of contract under Nebraska law is barred as untimely when it is brought more than five years after the alleged breach occurs. *See Nat'l Bank of Commerce Trust & Savings Ass'n v. Ham*, 592 N.W.2d 477, 479 (Neb. 1999). Independent of the statute of limitations, courts also have the inherent power to refuse relief after undue and inexcusable delay in bringing suit. *Ohio Nat'l Life Ins. Co. v. Rust*, 585 N.W.2d 438, 442 (Neb. 1998). Here, although Plaintiffs contend that they have timely asserted their claims for purported breach of contract, Defendant is preserving its right to contest Plaintiffs' claims, or the claims of potential members of the putative class, to the extent that the evidence establishes these claims to be untimely.

3) DEFENSE FOUR: WAIVER

A defendant who claims waiver must show "an intentional relinquishment of a known right" involving both (1) knowledge of the existence of the right and (2) the intention to relinquish it. *Barrett v. Reynolds*, 2013 WL 12108064, at *3 (D. Neb. Feb. 25, 2013). Defendant is preserving its right to contest Plaintiffs' claims, or the claims of potential members of the putative class, to the extent that the evidence establishes that these claims are barred by the doctrine of waiver.

4) DEFENSES FIVE AND SIX: <u>FAILURE TO MITIGATE DAMAGES/AVOIDABLE CONSEQUENCES</u>

Under the doctrine of avoidable consequences, which is another name for the failure to mitigate damages, defendant must prove that (1) the plaintiff failed to take reasonable steps to minimize its damages, and (2) the plaintiff's damages occurred as a result of its failure to take reasonable steps to minimize its damages. *Borley Storage & Transfer Co. v. Whitted*, 271 Neb. 84, 95, 710 N.W.2d 71, 80 (2006). Defendant is preserving its right to contest Plaintiffs' claims, or the claims of potential members of the putative class, to the extent that the evidence establishes that these claims are barred by the doctrine of avoidable consequences or failure to mitigate damages.

5) DEFENSE SEVEN: <u>LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE FOR CLAIMS OF PUTATIVE CLASS MEMBERS</u>

Among other jurisdictional requirements, Plaintiffs must establish that the Court has personal jurisdiction over Defendant as to the asserted claims and that this Court is the proper venue to adjudicate those claims. A court has personal jurisdiction over a defendant only when (1) the defendant's contacts are such that the defendant is essentially "at home" in the forum state, *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014), or (2) the claims at issue "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). Similarly, venue may be proper in the forum where the defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2).

Here, Defendant does not contest jurisdiction or venue as to the named Plaintiffs' claims but is preserving its right to contest jurisdiction or venue as to the claims of potential members of the putative class. This Court, for instance, would lack jurisdiction over, and would be the improper venue to adjudicate, claims of putative class members that do not arise out of or relate to Defendant's contacts in Nebraska and that are not governed by an agreement that requires the claims to be adjudicated in Nebraska.

**III. SETTLEMENT:**

Counsel state:

__X__ There have been no efforts taken yet to resolve this dispute.

_____ This dispute has been the subject of efforts to resolve it

_____ prior to filing in court.

_____ after court filing, but before the filing of this report.

Those efforts consisted of ___________________________________________________.

_____ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

__X__ Mediation will be appropriate in this case at some point.

_____ Mediation will not be appropriate because ____________________.

_X_ Counsel believe that with further efforts in the future, the case can be settled. The parties will be prepared to discuss settlement, or again discuss settlement, by sometime after the completion of briefing and argument on Plaintiffs' anticipated motion for class certification.

Explain. ______________________________________________.

**IV. CASE PROGRESSION:**

A. Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? At this time, the parties are not requesting a conference with the Court; however, if the Court believes an initial planning conference would be helpful, the parties are available at the Court's convenience.

B. Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

_____ have been completed.

__X__ will be completed by November 30, 2017.

(Rev. 6/9/11)

C. Motions to amend the pleadings or to add parties.

1) The plaintiff

_____ does

__X__ does not anticipate a need to amend pleadings or add parties at this time; however, due to Defendant's deceptive business practices, limited information is available to Plaintiffs without the benefit of discovery. To the extent the need arises, Plaintiff will seek leave to amend the pleadings or add parties no later than February 14, 2018.

2) The defendant

_____ does

__X__ does not anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by February 14, 2018.

D. Experts.

1) If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by Plaintiffs on or before May 15, 2018 and by Defendants on or before June 15, 2018. These deadlines are only for experts expected to provide testimony (or a report) in support of, or in opposition to, class certification. The parties propose to address the schedule for additional expert testimony, if necessary, following the Court's ruling on Plaintiffs' anticipated motion for class certification.

2) Experts and, unless otherwise agreed, expert **reports** in support of class certification shall be served by Plaintiffs on June 29, 2018 and reports in opposition to class certification shall be served by Defendant on August 10, 2018. Plaintiffs' rebuttal reports shall be served by August 31, 2018.

3) Motions to exclude expert testimony on *Daubert* and related grounds for experts offering testimony or reports in support of, or in opposition to, class certification will be filed and briefed in accordance with the following schedule:

| Filing | Date |
| --- | --- |
| Defendant's motion to exclude expert testimony submitted in support of motion for class certification | November 1, 2018 |
| Plaintiffs' motion to exclude expert testimony submitted in opposition to motion for class certification | November 15, 2018 |
| Plaintiffs' response to motion to exclude expert testimony submitted in support of motion for class certification | November 20, 2018 |
| Defendant's response to motion to exclude expert testimony submitted in opposition to motion for class certification; Defendant's reply for motion to exclude expert testimony submitted in support of motion for class certification | December 4, 2018 |
| Plaintiffs' Reply for motion to exclude expert testimony submitted in opposition to motion for class certification | December 18, 2018 |

E. Discovery.

1) Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by June 15, 2018. The parties propose to address the schedule for additional written discovery, if necessary, following the Court's ruling on Plaintiffs' anticipated motion for class certification.

2) Depositions, whether or not they are intended to be used at trial, will be completed by October 1, 2018. The parties propose to address the schedule for additional depositions, if necessary, following the Court's ruling on Plaintiffs' anticipated motion for class certification.

3) Agreed Discovery Procedures:

a. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: __________________________________________.

Counsel have agreed to the following actions to address that difficulty: ____________________________________________________.

b. Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically

stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(i) The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(ii) The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii) The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv) Whether reasonable measures have been implemented to preserve such data;

(v) The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi) The form and method of notice of the duty to preserve;

(vii) Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix) Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(x) The anticipated costs of preserving these materials and how such costs should be allocated; and

(xi) The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

_____ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

X As to electronically stored information, the following provisions will be followed by the parties: The parties are in the process of preparing an ESI Protocol with consultation with the Court on any terms that cannot be agreed to by the parties.

c. Privileged and/or confidential communications and information.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i) Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii) Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii) As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or

confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

_____ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

__X__ In addition to, or in lieu of the court's general practice for asserting confidentiality and privilege claims and resolving disputes over nondisclosure of allegedly confidential or privileged information, the parties agree the following provisions will be followed: The parties are in the process of drafting a stipulated protective order and an ESI Protocol to govern the treatment of confidential or privileged information in this proceeding.

d. The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is _25_.

e. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is _10_.

f. Depositions will be limited by Rule 30(d)(1), except the depositions of _____________, which by agreement shall be limited as follows: ________________________________________________.

g. The parties stipulate that they will be required to give at least _7_ days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance. See NECivR 45.1

h. Other special discovery provisions agreed to by the parties include:

Document productions substantially completed by June 25, 2018
Motion for Class Certification filed by October 1, 2018
Response to Motion for Class Certification filed by November 1, 2018
Reply for Motion for Class Certification filed by November 15, 2018

F. The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): ____________________________________________.
Motions to dismiss and/or for summary judgment will be filed by: a date to be determined following the Court's ruling on Plaintiffs' anticipated motion for class certification.

G. Other matters to which the parties stipulate and/or which the court should know or consider: the parties propose to address the schedule for further proceedings, including pre-trial filings, and trial, following the Court's ruling on Plaintiffs' anticipated motion for class certification. Given that the scope and nature of this case would substantially change depending on whether or not a class is certified, the parties believe that this proposal best serves to preserve the parties', and the Court's, time and resources.

H. Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

__X_ All parties do not consent at this time.

I. Trial date.

1) Jury Trial:

a. _____ No party has timely demanded a jury trial.

b. ____ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

c. ___X__ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the Plaintiffs' demand for jury trial will be filed no later than a date to be determined following the Court's ruling on Plaintiffs' anticipated motion for class certification.

d. _____ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within

      _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

e. _____ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2) This case will be ready for trial before the court by: a date to be determined following the Court's ruling on Plaintiffs' anticipated motion for class certification. If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.

3) The estimated length of trial is to be determined following the Court's ruling on Plaintiffs' anticipated motion for class certification.

Dated: November 16, 2017

        WAGSTAFF & CARTMELL, LLP

        /s/ *Eric D. Barton*
        Tyler W. Hudson
        Missouri Bar No. 53585
        Eric D. Barton
        Missouri Bar No. 53619
        Melody R. Dickson
        Missouri Bar No. 61865
        4740 Grand Avenue, Suite 300
        Kansas City, MO 64112
        (816) 701-1100
        thudson@wcllp.com
        ebarton@wcllp.com
        mdickson@wcllp.com

        ***Counsel for Plaintiffs***


        BAIRD HOLM LLP

        */s/ Kenneth W. Hartman*
        Kenneth W. Hartman (NE# 21954)
        1700 Farnam St Ste 1500
        Omaha, NE 68102-2068
        402-344-0500
        khartman@bairdholm.com

        David L. Balser
        Jonathan R. Chally
        Brandon R. Keel
        Allison Hill White
        KING & SPALDING LLP
        1180 Peachtree Street NE
        Atlanta, GA 30309-3521
        404-572-4600
        dbalser@kslaw.com
        jchally@kslaw.com
        bkeel@kslaw.com
        awhite@kslaw.com

        ***Counsel for Defendant***

(Rev. 6/9/11)