# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CUSTOM HAIR DESIGNS BY SANDY, LLC, and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | Civil Action No.: 8:17-CV-00310 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CENTRAL PAYMENT CO., LLC, | ) ) | |
| Defendant. | ) ) | |

## JOINT STIPULATION AND PROPOSED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

In order to protect the confidentiality of certain discovery materials produced in the above-captioned case (the "Action"), the parties to the Action hereby stipulate and agree to the terms and conditions set forth below:

1. This Protective Order shall govern all information, data, documents, and other materials produced or received by any party through discovery in the Action, including, but not limited to, information obtained through responses to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, or a subpoena issued from the Court (collectively, "Discovery Material").

2. Discovery Material designated as "Confidential" or "Highly Confidential" shall be used solely for the purposes of this Action and in accordance with the terms of this Protective Order.

3. Discovery Material may be designated as "Confidential" or "Highly Confidential" (together, "Confidential Material") by (1) imprinting the word "Confidential" or the words "Highly Confidential" on any Discovery Material; or (2) notifying the other party in writing, or

1

on the record in a deposition, or in Court that any Discovery Material should be treated as Confidential or Highly Confidential. Deposition transcripts shall be presumptively treated as Confidential Material for fifteen (15) days following the parties' receipt of the transcripts, to allow time for the parties to designate the transcripts, or portions thereof, as Confidential or Highly Confidential in accordance with this Protective Order.

4. A party may designate Discovery Material as Confidential if the party has a good faith belief that the material is not in the public domain and that it contains proprietary, trade secret, or other commercially or competitively sensitive information, or any information involving a person's privacy interest. A party may designate Discovery Material as Highly Confidential if the party makes a good faith determination that the material contains proprietary, trade secret, or other highly sensitive business information that, if revealed, could place the designating party at a competitive or commercial disadvantage, or that disclosure would contravene an obligation of confidentiality. Notwithstanding the above, the following Discovery Material shall not be deemed Confidential or Highly Confidential regardless of any such designation by a party:

    i. Information, materials, or documents already in a receiving party's possession that were not acquired or obtained through discovery in the Action;

    ii. Information, materials, or documents that are generally available to the public, including information which becomes available to the public through no breach of this Agreement.

5. Any copies or reproductions, summaries, or other documents or materials that excerpt, contain, or otherwise reveal the substance of Confidential Material also shall be treated as Confidential Material pursuant to this Protective Order.

6. The inadvertent or unintentional failure to designate Confidential Material as such shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document, material, or information relating thereto. Any such inadvertently or unintentionally disclosed Confidential Material shall be designated as Confidential or Highly Confidential within a reasonable time after the designating party becomes aware of the erroneous disclosure and shall thereafter be treated as Confidential Material by all receiving persons. Upon receipt of the designated Confidential Material, the receiving party shall destroy or return all printed and electronic copies of such material that were inadvertently not designated as Confidential or Highly Confidential as soon as reasonably practical but in no event more than five (5) business days after receipt of the designated Confidential Material.

7. Without the consent of the designating party, Discovery Material designated as Confidential shall not be disclosed directly or indirectly by the receiving party to persons other than:

    (a) The parties;

    (b) Counsel of record for the parties, including counsels' employees and vendors who need to review the Confidential Material in connection with the Action;

    (c) Persons who were involved in or have knowledge of the preparation of the Confidential Material or received or reviewed the Confidential Material prior to the date of the filing of the Complaint herein;

(d) The Court exercising jurisdiction over the Action, persons employed by the Court, and the stenographers transcribing testimony or argument at a hearing, trial, or deposition in the Action;

(e) Expert witnesses or consultants engaged by any party or its counsel for the purpose of assisting in the preparation of litigation in connection with the Action, provided that such persons shall not be permitted to retain any Confidential Material; and

(f) Any mediator in this Action.

8. Without the consent of the designating party, Discovery Material designated as Highly Confidential shall not be disclosed directly or indirectly by the receiving party to persons other than:

(a) Counsel of record for the parties, including counsels' employees and vendors who need to review the Confidential Material in connection with the Action;

(b) Persons who were involved in or have knowledge of the preparation of the Confidential Material or received or reviewed the Confidential Material prior to the date of the filing of the Complaint herein;

(c) The Court exercising jurisdiction over the Action, persons employed by the Court, and the stenographers transcribing testimony or argument at a hearing, trial, or deposition in the Action;

(d) Expert witnesses or consultants engaged by any party or its counsel for the purpose of assisting in the preparation of litigation in connection with the Action, provided that such persons shall not be permitted to retain any Confidential Material; and

(e) Any mediator in this Action.

9. Confidential Material shall only be disclosed to a person listed in paragraphs 7(e) or 8(d) after such person executes the statement attached to this Protective Order as Exhibit A.

10. Before filing or quoting any Confidential Material in the public record of the Action, the party seeking to file or quote such Confidential Material shall provide the designating party seven (7) days' advance notice of its intention to do so. Confidential Material may only be filed or quoted in the public record of the Action if (1) the designating party consents to such public filing; (2) the designating party fails to seek a filing under seal after receiving seven (7) days' advance notice of the filing, or (3) the Court denies a motion to seal such Confidential Material. In the event that a party files or quotes Confidential Material publicly without complying with this Protective Order, the filing party shall, upon discovery or notification that Confidential Material was filed or quoted publicly, take immediate steps to have the Confidential Material removed from the public domain and re-filed, if at all, under seal.

11. If a court or government agency in any other proceeding requests, subpoenas, or orders production of Confidential Material from a party to this Action, such party shall promptly notify counsel for the party that designated such Confidential Material; shall furnish counsel for the designating party with a copy of the request, subpoena, or order; and shall allow counsel for the designating party a reasonable time to object or intervene in the other proceeding prior to producing Confidential Material.

12. At the conclusion of this Action, and after the exhaustion of any appeals, on written request of the producing party, a party possessing Discovery Material designated Confidential or Highly Confidential shall promptly, at the option of the possessing party, (a) return all Discovery Material and copies thereof to the producing party, or (b) certify in writing

5

that all such Discovery Material has been shredded or destroyed. Notwithstanding the foregoing, a party's counsel may retain one copy of such Discovery Material in their files to comply with applicable rules of professional responsibility, provided, however, that such copy shall remain protected in accordance with, and subject to, this Protective Order.

13. The terms of this Protective Order shall survive the termination of the Action, and the Court shall retain jurisdiction of the Action for the purpose of enforcing this Protective Order.

14. The parties may object to the designation of any information as Confidential or Highly Confidential. In the event of such a challenge, and prior to addressing the dispute with the Court, the parties will confer in good faith to resolve the disputed designation. If the parties are unable to resolve the dispute, the party challenging the designation may bring the dispute to the Court's attention, in accordance with Magistrate Judge Zwart's Civil Case Management Practices. It shall be the burden of the designating party to establish the confidentiality of the Discovery Material. Pending determination by the Court, material designated as Confidential or Highly Confidential shall be treated in accordance with the designating party's designation pursuant to this Protective Order.

15. Nothing contained herein shall be construed to limit a party's use of its own documents or information.

16. The restrictions against disclosure and protections for information claimed to be confidential set forth in this Protective Order shall apply equally to any third party producing Discovery Material pursuant to subpoena, deposition, or other process permitted by the rules of this Court. Thus, any non-party producing Discovery Material in the Action may designate such

material as Confidential Material, and such material and the non-party's designation shall be governed by this Protective Order in the same manner as material designated by the parties.

Dated: January 22, 2018

| WAGSTAFF & CARTMELL, LLC | BAIRD HOLM LLP |
|---|---|
| /s/*Tyler W. Hudson*<br>Tyler W. Hudson<br>Missouri Bar No. 53585<br>Eric D. Barton<br>Missouri Bar No. 53619<br>Melody R. Dickson<br>Missouri Bar No. 61865<br>4740 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>(816) 701-1100<br>thudson@wcllp.com<br>ebarton@wcllp.com<br>mdickson@wcllp.com<br><br>***Counsel for Plaintiffs*** | /s/*Kenneth W. Hartman*<br>Kenneth W. Hartman (NE# 21954)<br>1700 Farnam St Ste 1500<br>Omaha, NE 68102-2068<br>402-344-0500<br>khartman@bairdholm.com<br><br>David L. Balser (*pro hac vice*)<br>Jonathan R. Chally (*pro hac vice*)<br>Brandon R. Keel (*pro hac vice*)<br>Allison Hill White (*pro hac vice*)<br>KING & SPALDING LLP<br>1180 Peachtree Street NE<br>Atlanta, GA 30309-3521<br>404-572-4600<br>dbalser@kslaw.com<br>jchally@kslaw.com<br>bkeel@kslaw.com<br>awhite@kslaw.com<br><br>***Counsel for Defendant*** |

**SO ORDERED.**

Dated: January 23, 2018, 2018

Hon. Cheryl R. Zwart
United States Magistrate Judge