IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CUSTOM HAIR DESIGNS BY SANDY, LLC, on behalf of themselves and all others similarly situated; and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL PAYMENT CO., LLC,<br><br>Defendant. | 8:17CV310<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Central Payment Co., LLC's (hereinafter "CPAY") motion to stay proceedings pending appeal. Filing No. 159.[1] CPAY moves to stay all proceedings in this matter pending the resolution of CPAY's appeal of the Court's order granting Plaintiffs', Custom Hair Designs by Sandy, LLC, Skip's Precision Welding, LLC (hereinafter "Custom Hair"), motion for class certification, which is currently pending before the U.S. Court of Appeals for the Eighth Circuit. *Id.* Plaintiffs oppose the motion. Filing No. 162.

**BACKGROUND**

Plaintiffs are merchants that processed credit and debit transactions through CPAY. CPAY processes over 65,000 businesses and over $10 billion in credit sales annually. Plaintiffs contracted with CPAY from November 2015 through February 2017

---

[1] Also, before the Court is plaintiffs' motion for Leave to File a Sur-Reply Brief. Filing No. 167. The Court will grant Plaintiffs' motion INSTANTER.

for payment processing services. Plaintiffs allege that CPAY charged fees for its payment processing services that do not coincide with the terms of plaintiffs' merchant agreements and Terms and Conditions. Plaintiffs pled this case as a putative nationwide class action and argue that CPAY is a multi-year, interstate, multi-million-dollar scheme to defraud unsophisticated merchants. CPAY argues that this is a simple breach of contract case.

On February 11, 2020, the Court granted Plaintiffs' motion for class certification. Filing No. 142. The Court certified the following class: All of CPAY's customers that, from January 1, 2010, to the present (a) were assessed the TSSNF Fee (a/k/a TSYS Network Fee); (b) were assessed the PCI Noncompliance Fee; (c) had their contractual credit card discount rates increased above their contractual rate by CPAY; and/or (d) had credit card transactions shifted by CPAY from lower-cost rate tiers to higher-cost rate tiers. *Id.* at 34-35.

CPAY filed a petition for permission to appeal on February 25, 2020. Filing No. 146. On April 1, 2020, the U.S. Court of Appeals for the Eighth Circuit granted CPAY's petition. Filing No. 150. In light of the Eighth Circuit granting CPAY's petition, CPAY allegedly engaged in numerous discussions with Plaintiffs in an effort to reach an agreement on a narrowed scope of discovery that could occur while the appeal is pending. Filing No. 160 at 4-5. Plaintiffs, however, allegedly insisted on broad discovery. *Id.* at 5. CPAY has now requested that the Court issue an order staying all proceedings in this matter, pending the resolution of CPAY's appeal of the class certification order. Filing No. 159.

**DISCUSSION**

Rule 23(f) of the Federal Rules of Civil Procedure provides:

2

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f). A party seeking a stay bears the burden of showing that: (1) it is likely to succeed on the merits of its appeal; (2) it will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). Although likelihood of success on the merits is the most important factor, a court "must consider the relative strength of the four factors, 'balancing them all.'" *Brady*, 640 F.3d at 789 (quoting *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994)).

After analyzing and weighing the factors, the Court concludes that a stay in the proceedings is warranted. The Eighth Circuit has determined that likelihood of success requires only that the movant show a "fair chance of prevailing" on the merits and has further explained that a movant "does not need to 'prove a greater than fifty percent likelihood that [it] will prevail on the merits" to satisfy this factor. See *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 953 F.3d 1041, 1044-45 (8th Cir. 2020). While in *Jet Midwest Int'l Co*. the Eighth Circuit addressed this factor in the context of a motion for preliminary injunction, the same four factor test applies in both contexts. See *Nken v. Holder*, 556 U.S. 418, 426, 434-35 (2009) (applying the same four-factor test to motion to stay pending appeal and recognizing the similarity between the stay factors and the factors governing preliminary injunctions).

3

In recognizing the similar concerns between stay motions and preliminary injunctions, the Court agrees with CPAY that success on the merits requires CPAY to show that it will prevail in overturning this Court's class certification decision. In evaluating whether CPAY is likely to prevail in overturning this Court's class certification decision, the Court finds the Eighth Circuit's granting of CPAY's Rule 23(f) petition weighs in favor of CPAY showing possible success on the issue of class certification. Not only did the Eighth Circuit grant CPAY's petition in just a couple of weeks after filing, but it also agreed that an immediate appeal was necessary because CPAY could not immediately appeal this Court's certification ruling as a matter of right. The Court, therefore, finds the fact that the Eighth Circuit chose to accept CPAY's Rule 23(f) petition demonstrates at least a possibility that the Eighth Circuit may reverse this Court's class certification ruling. While Plaintiffs are correct that a mere possibility does not amount to a likelihood of success on the merits, and the Court carefully considered the issue of class certification, in light of the other factors discussed below, the Court finds CPAY's position is sufficiently reasonable to favor a stay.

CPAY argues that it will be irreparably injured unless a stay is granted. After this Court's class certification ruling, Plaintiffs served forty-five additional requests for production, seeking a broad amount of information relating to all challenged fees for a period of more than ten years. As a result, CPAY must either comply with the request or initiate a discovery dispute. Regardless of the chosen approach, CPAY would be required to expend substantial time and resources as a result of the discovery request. If the Eighth Circuit later reverses this Court's class certification ruling, CPAY could suffer economic loss from the cost of the unnecessary discovery and motion practice. *See*

4

*IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *3 (D. Minn. Sept. 11, 2014) (finding the costs of potentially unnecessary discovery and motion practice to favor a stay regarding the "irreparable harm" factor).

While Plaintiffs are correct that the legal theories all turn on the same evidence, discovery as to the named Plaintiffs claims is essentially complete because each of them was deposed and documents regarding their interactions with CPAY have been produced. Plaintiffs also seek information over a period of more than ten years, yet, the named Plaintiffs did not contract with CPAY until 2015 and 2016, respectively. Accordingly, if the Eighth Circuit reverses the class certification, CPAY will bear the cost of additional unnecessary discovery.

Furthermore, the Court finds that there will not be significant harm to Plaintiffs if a stay is issued. Plaintiffs contend that the memories of witnesses may fade with the passage of time or that witnesses themselves may become unavailable. But, the short passage of time before the Eighth Circuit issues a ruling will not make a meaningful difference. Although Plaintiffs are correct that there is no guarantee the appeal would only take six months to resolve, the it is reasonable for the Court to assume the Eighth Circuit will resolve CPAY's petition in a timely manner. Indeed, the Eighth Circuit has already acted quickly in granting CPAY's Rule 23(f) petition.

Finally, the Court finds that the public interest favors a stay. Plaintiffs argue that, if the stay is granted, it will allow CPAY to continue its unlawful behavior. While the Court is sympathetic to Plaintiffs' contention of protecting innocent parties, the Court has not yet ruled on the merits. Even if the Plaintiffs succeed on the merits and the certification

5

order remains, as CPAY argues, Plaintiffs will be able to recover for their claimed damages.

The Court finds, after balancing all four factors and considering the relative strength of each, that the factors weigh in favor of a stay.

THEREFORE, IT IS ORDERED THAT:

1. CPAY's motion to stay proceedings pending appeal, Filing No. 159, is granted.

2. Plaintiffs' Motion for Leave to File a Sur-Reply, Filing No. 167, is granted.

Dated this 3rd day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge