IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CUSTOM HAIR DESIGNS BY SANDY, LLC, on behalf of themselves and all others similarly situated; and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL PAYMENT CO., LLC,<br><br>Defendant. | **8:17CV310**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the following motions:

1.  Motion to Exclude the Proposed Testimony of Steve W. Browne, Filing No. 227, filed by defendant;

2.  Motion for Partial Summary Judgment on Defendant's Liability for Express Breach of Contract, Filing No. 232, filed by plaintiffs;

3.  Motion to Exclude All Testimony of Patrick Moran and Limited Testimony of Ian Ratner, Filing No. 234, filed by plaintiffs;

4.  Motion for Partial Summary Judgment, Filing No. 238, filed by defendant;

5.  Motion to Decertify the Class, Filing No. 242, filed by defendant; and

6.  Motion to continue trial, Filing No. 287, filed by defendant.

**STANDARD OF REVIEW**

**A.  Summary Judgments**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56. "Summary judgment is appropriate [*6] when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint*, 736 F.3d 1134, 1136 (8th Cir. 2013). "Summary judgment is not disfavored and is designed for 'every action.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). In reviewing a motion for summary judgment, the court will view "all evidence and mak[e] all reasonable inferences in the light most favorable to the nonmoving party." *Inechien v. Nichols Aluminum, LLC*, 728 F.3d 816, 819 (8th Cir. 2013). Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Torgerson*, 643 F.3d at 1042; and *see Briscoe v. Cty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012) (stating that the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'").

Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 325 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159 (1970)). Instead, "the burden on the moving party may be discharged by 'showing' [*7] . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. In response to the movant's showing, the nonmoving party's burden is to produce specific facts

demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)); *see also Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (stating "'[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment) (quoting *Anderson*, 477 U.S. at 247–48). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *Torgerson*, 643 F.3d at 1042.

## B.  Testimony of Experts

Admissibility of expert testimony is governed by Fed. R. Evid. 702.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).  Trial judges are the gatekeepers to exclude unreliable scientific testimony.  *Id.* at 597.  This gatekeeper function applies to all expert testimony, not just testimony based in science.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

Proposed expert testimony must meet three prerequisites in order to be admitted under Rule 702: first, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact; second, the proposed witness must be qualified to assist the finder of fact; and third, the proposed evidence must be reliable or trustworthy in an evidentiary sense.  *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).  Expert testimony assists the triers

of fact when it provides information beyond their common knowledge. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003).

*Daubert* established a non-exclusive checklist for trial courts to use in assessing the reliability of expert testimony,[1] but not all of the *Daubert* factors necessarily apply to non-scientific evidence. *United States v. Holmes*, 751 F.3d 846, 850 (8th Cir. 2014) (finding the reliability of non-scientific expert testimony must rest on reliable principles and methods, but the "relevant reliability concerns may focus upon personal knowledge or experience" rather than scientific foundations) (quoting *Kumho Tire Co.*, 526 U.S. at 150). "[N]othing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" *Kudabeck*, 338 F.3d at 861 (quoting *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)).

"[C]ases are legion that, correctly, under *Daubert*, call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Id.* at 562 (quoting *Daubert*, 509 U.S. at 590). Generally, if the methodology employed by an expert is scientifically valid and could properly be applied to the facts of the case, it is reliable enough to assist the trier of fact. *Id.* at 564.

---

[1] Those factors are: whether the theory or technique can be and has been tested; whether the theory or technique has been subjected to peer review and publication; the known or potential rate of error; whether the theory has been generally accepted; whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case. *Lauzon*, 270 F.3d at 687.

**DISCUSSION**

   *A. Defendant's Motions:*

   1.     With regard to the motion to continue trial, Filing No. 287, the Court agrees with the plaintiff that this case has been lingering for over four years.  The plaintiff opposes the continuance, so long as all motions are decided by January 18th, prior to the pretrial conference.  The Court intends to try this case as scheduled, absent any priority criminal cases on its docket.  The parties should prepare for trial.  It is time to move this case along.  Filing No. 287 is denied.

   2.     Defendant has filed to decertify this case, Filing No. 242.  Defendant raises the same issues previously decided by the Court with regard to class certification.  The Court has again reviewed this material, and the motion is again denied.  The factual issues discussed in the brief and the submitted evidence are issues for trial.  Filing No. 242 is denied.

   3.     In the motion for partial judgment, Filing No. 238, defendant asks this Court to grant summary judgment as to certain claims, including, fraud, RICO, and various other issues.  After reviewing the briefs for both sides, the Court is of the opinion that there are significant and material facts that must be decided at trial.  The Court must hear and review the evidence as it is submitted at trial.  If, thereafter, the defendant feels a motion is appropriate, the defendant is free to submit the same.  The defendant's motion for partial summary judgment, Filing No. 238, is denied.

   4.     With regard to the motion to exclude the proposed testimony of Steve W. Browne, Filing No. 227, filed by defendant, defendant contends that pursuant to *Daubert* and its progeny, such testimony should be excluded.  Specifically, defendant contends that

Browne's reports should be excluded for failure to comply with Rule 26; should be excluded because it is inadmissible under Rule 702; should be excluded because it is an inadmissible factual narrative; and should be excluded as Browne is not qualified to offer an opinion regarding the propriety of payment processing fees.  Defendant states: "[Browne] is a certified public accountant ("CPA"), a certified information technology professional ("CITP"), a certified fraud examiner ("CFE"), and a certified information systems auditor ("CISA").  *See* Ex. 1 at 1.  He is also certified in financial forensics ("CFF") and accredited in business valuation ("ABV").  *Id.*  He has served as an expert witness for many years and has been retained by both public and private entities.  *Id.*  His firm, Meara Welch Browne, P.C., has "worked [with] and consulted for . . . multiple businesses that accept credit and debit card payments" (as does every modern business in the United States).  *Id.* (emphasis added).  However, he has never provided expert testimony in a case related to payment processing.  *See* Ex. 4 at 84:3–9.  This case would be his first." Filing No. 229 at 2. However, thereafter, defendant argues against the methodology used by Browne as well as the numbers he uses to calculate his resulting opinions.

Mr. Browne is a qualified expert.  He has many areas of expertise, most of which appear to be relevant to this case.  He is offering opinions connected to the evidence, and it does not appear that he intends to testify via a "factual narrative."  Further, the defendant has an expert on these issues.  The opinions will most likely be hotly contested by both sides.  That is a product of the trial process.  It is not for this Court to make advance decisions regarding factual issues.  Such arguments go to the weight of the testimony and not to its admissibility.  That is what defendant is asking this Court to do. Th Court will allow Mr. Browne's testimony.  If, during the trial, defendant determines that

an objection is needed, defendant is free to make the appropriate objection or motion. Defendant's motion to exclude the testimony of Mr. Browne, Filing No. 227, is denied.

B. *Plaintiff's motions:*

1.   Plaintiff files a motion for Partial Summary Judgment on Defendant's Liability for Express Breach of Contract, Filing No. 232.  Again, the Court after reviewing the briefs and evidence finds this to be both a legal and factual issue.  The Court must hear the evidence presented at trial and see the context of the facts as they relate to the contractual terms.  If, after offering that evidence, the plaintiff still believes a motion is appropriate, it may offer one at the appropriate time.  Accordingly, Filing No. 232, will be denied.

2.   Plaintiff's move to Exclude All Testimony of Patrick Moran[2] and Limited Testimony of Ian Ratner[3], Filing No. 234.  The "[c]onflicting [but admissible] views of different experts" must ultimately be decided, not by the Court, but by the trier of fact.  *Id.* (quoting *Kumho Tire Co.*, 526 U.S. at 153).  These issues must be determined at trial by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."  *Daubert*, 509 U.S. at 596.  It appears that much of this testimony will be offered to challenge the methodology of plaintiff's expert.  This goes to weight and

---

[2] As stated by the defendant, "Mr. Moran is an electronic payments consultant with "over 21 years of experience in the payment processing and electronic payments industries." Moran Rep. ¶¶ 2, 5. He has served as "Vice President of Interchange Strategy at Visa USA," where he was "a member of Visa's Interchange Strategy team," and Senior Vice President at "Vantiv, a large payment processor in the electronic payments industry." *Id.* ¶¶ 3–4. He has also testified numerous times as an expert in "payment-related litigation."  *Id.* ¶ 2 & Appx. B.  Filing No. 254 at 7-8.

[3] Ian Ratner is a CPA with approximately 30 years of experience in public accounting and forensic accounting, including the quantification of damages. See Ratner Rep. ¶ 9. He also has "significant experience in the payment card industry" dating back to the 1990s and he has conducted "damages [analyses] in [other] credit card industry related class action[s]." *Id.* ¶ 12. In total, over the course of the last several decades, Mr. Ratner has testified as an expert on damages issues in dozens of cases. *See id.* ¶ 9 & Appx. 2.  Filing No. 254 at 14-15.

credibility. The Court will permit these two experts to testify, and if the plaintiff believes the testimony wanders from that which is permissible, an appropriate objection can be made at that time.  The motion to exclude, Filing No. 234, is denied.

**THEREFORE, IT IS ORDERED THAT THE:**

1. Motion to Exclude the Proposed Testimony of Steve W. Browne, Filing No. 227, filed by defendant, is denied.

2. Motion for Partial Summary Judgment on Defendant's Liability for Express Breach of Contract, Filing No. 232, filed by plaintiffs, is denied.

3. Motion to Exclude All Testimony of Patrick Moran and Limited Testimony of Ian Ratner, Filing No. 234, filed by plaintiffs, is denied.

4. Motion for Partial Summary Judgment, Filing No. 238, filed by defendant, is denied.

5. Motion to Decertify the Class, Filing No. 242, filed by defendant, is denied.

6. Motion to continue trial, Filing No. 287, Filed by defendant, is denied.


Dated this 20th day of December, 2021.


BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge