IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CUSTOM HAIR DESIGNS BY SANDY, LLC, on behalf of themselves and all others similarly situated; and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL PAYMENT CO., LLC,<br><br>Defendant. | 8:17CV310<br><br>**MEMORANDUM AND ORDER** |

Defendant has moved for a protective order to limit Plaintiffs' depositions of Shirley Yan and San Chang, former employees of the defendant who are beyond the subpoena jurisdiction of this court. See Filing No. 300. Although the deposition deadline has passed, with the court's approval, the parties had previously stipulated:

> [T]rial depositions may be taken after the current discovery cut-off set forth in the current Progression Order [Doc. 217] solely in order to secure testimony from witnesses to resolve any such evidentiary disputes that the parties are unable to resolve through agreement. Neither party will use the expiration of the discovery period listed in the Progression Order to resist a trial deposition so long as such deposition is reasonably necessary to address an outstanding evidentiary question regarding a potential trial exhibit.

(Filing Nos. 220 & 221).

The defendant is unwilling to stipulate to the admissibility of approximately 80 documents (emails) that Plaintiffs want to offer at trial. Defendant primarily

objected to receipt of these documents on the basis of hearsay and relevance. In response to these objections, Plaintiffs served subpoenas on Yan and Chang, citing the stipulation and stating the depositions are necessary to preserve these witnesses' testimony which may provide the foundation for admitting the disputed documents into evidence at trial.

> Defendant disagrees, arguing:
>
> [Plaintiffs] are seeking a second chance at fact discovery and want to ask these witnesses questions about documents they did not even author. In fact, the vast majority of the documents at issue include other CPAY personnel who were already deposed in this case and who will be testifying live at trial. In many instances, Mrs. Chang and Ms. Yan are merely copied on emails that were authored by, and directed to, other CPAY employees who will be testifying at trial. If these exhibits are deemed admissible, and Plaintiffs have questions concerning their content, they can direct those questions to the witnesses who will be at trial (and who were already deposed).

(Filing No. 317, at CM/ECF pp. 2-3).

Counsel argued their respective positions before the undersigned magistrate judge on January 11, 2022. (Filing No. 310). At the court's direction, they again conferred thereafter on how to resolve their discovery dispute. Since the disagreement could not be resolved without written motion practice, Defendant timely filed a motion for protective order and Plaintiff promptly responded. The motion, (Filing No. 316), is deemed fully submitted.

As its compromise position, Defendant no longer seeks to quash the depositions entirely. Instead, it asks the court to enter a protective order which:

a) limits the noticed depositions to two hours each,[1] to be held on a date mutually convenient for the parties and the deponent,

b) prohibits examination beyond the deponent's basic background, and

c) addresses only those documents authored by the deponent or where the deponent (and no other trial witness or previously-deposed witness) was the only recipient such that others could not lay a foundation for the document, if needed, at trial.

Plaintiffs do not fully agree with Defendant's position. They will agree to:

a) limit each deposition to two hours;

b) present to the deponent only those trial exhibits that CPAY contends are inadmissible; and

c) address only those disputed exhibits that the deponent authored or received.

During the pre-motion hearing, the undersigned magistrate judge favorably viewed Defendant's compromise position for limiting the documents addressed during the depositions. But at that time, I did not consider what would happen if a witness testifying at trial could not or would not provide the testimony needed for introducing a document that he or she appears to have written or received. Since that circumstance could occur, Plaintiffs should be afforded the opportunity to have deposition testimony in hand which may, perhaps, establish foundation for admissibility. Moreover, as with letters, the party offering an email may need to show it was not only written, but also sent and received. So, even if trial witnesses appear to have written an email to either Yan and Chang and can testify to that fact, to establish admissibility, the testimony of Yan and Chang may be needed to show the email was sent to and received by its intended recipient(s). Such

---

[1] Plaintiffs' counsel initially told the undersigned magistrate judge that he intended to depose each witness for no more than five hours, a length of deposition time which seemed excessive if the sole purpose of the deposition was to ask foundational questions for admitting documents at trial.

testimony may, in turn, be necessary to overcome not only foundation and hearsay objections, but possibly any relevance objections.

Neither the court nor the parties can currently know whether either the deponents' testimony or the trial witnesses' testimony will be useful for admitting the disputed documents at trial; that is, whether secured before or during trial, we cannot know whether these witnesses' testimony will provide the foundation to overcome any hearsay objections nor whether, in the context of other trial testimony, the documents will be relevant. But under the stipulation of the parties, as to documents the defendant will object to at trial, Plaintiffs are afforded the opportunity to secure deposition testimony in advance of trial for the purpose of showing, if possible, that the documents in dispute are admissible under the rules of evidence.

Accordingly,

IT IS ORDERED that as to Defendant's motion for protective order, ([Filing No. 316](#)),

1)  The subpoenas to depose Chang and Yan are not quashed, but they are limited as follows:

   a.  The noticed depositions will last no longer than two hours each, and will be held on a date that is mutually convenient for the parties and the deponents.

   b.  Due to the impending trial date, the parties will very strongly consider taking these depositions by Zoom or similar internet means to avoid unnecessary travel time.

   c.  Any background questioning of the witness will be limited to topics directly related to determining the admissibility of a document (e.g., showing that given the witness' job responsibilities, her statements

    should be construed as statements of the defendant and therefore not hearsay).

  d. Plaintiffs will present to the deponent only those trial exhibits that CPAY contends are inadmissible, and as to those disputed exhibits, only those documents the deponent appears to have authored or received.

  2) Questioning regarding the purpose of sending or receiving the communications, or as to the substantive content or meaning of the documents, is beyond the scope of the parties' court-approved stipulation, (Filing No. 220), and is prohibited as untimely discovery under the deadlines set in the court's case progression order.

  Dated this 13th day of January, 2022.

            BY THE COURT:

            *s/ Cheryl R. Zwart*
            United States Magistrate Judge