IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CUSTOM HAIR DESIGNS BY SANDY, LLC, on behalf of themselves and all others similarly situated; and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL PAYMENT CO., LLC,<br><br>Defendant. | **8:17CV310**<br><br>**ORDER** |

Before the Court is Plaintiffs/Class Representatives' (hereinafter "Plaintiffs") unopposed motion for preliminary approval of class action settlement and for direction of class notice ("Motion"). Filing No. 326. As described in the Motion, Plaintiffs and Defendant Central Payment Co., LLC ("Defendant" or "CPAY") have entered into a class settlement agreement and release, dated March 4, 2022 (the "Settlement"). Having reviewed the Settlement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Class members. Venue is proper in this District.

2. The Motion is GRANTED.

3. The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). Notably, the Court has already

1

certified that the Class met the requirements of Fed. R. Civ. P. 23(a) and (b)(3) (Filing No. 142), a finding which has been affirmed by the Eighth Circuit. *Custom Hair Designs by Sandy, LLC v. Central Payment Co., LLC*, 984 F.3d 595 (8th Cir. 2020). The Court further finds that it will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2).

4. The Court further finds that Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the Class. The Court also finds that the Settlement is the product of arm's length negotiations by the Parties and comes after significant litigation—including several litigated dispositive motions and an appeal—and voluminous investigation, discovery, and expert analysis.

5. The Court preliminarily finds that the relief provided—a settlement fund of up to $84 million (and in no event less than $58.8 million), covering payments to Class members, notice and administration costs, Class Counsel's attorneys' fees and expenses, and service awards to Plaintiffs—is fair, reasonable, and adequate taking into account, inter alia, the costs, risks, and delay of trial and appeal, the alleged harm to Class members, and the proposed method of distributing payments to the Class (i.e., with current customers receiving a cash payment automatically and former customers receiving a cash payment if they submit a simple claim form).

6. The Court preliminarily finds that the Settlement treats the Class members equitably relative to each other, and that the proposed allocation of settlement funds to Class members is reasonable and fair and is appropriately designed to ensure Class member payments correspond to their pro rata share of their alleged individual damages, as calculated by Plaintiffs' expert, Arthur Olsen. The Court will assess Class Counsel's request for attorneys' fees and expenses after receiving a motion from Class Counsel

supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses to be paid from the settlement fund creates no reason not to direct notice to the Class.

7. The Court also preliminarily finds that the Settlement is fair, reasonable, and adequate after considering the criteria set forth in Fed. R. Civ. 23(e), as well as the criteria established by precedent, namely: (1) the merits of Plaintiffs' case, weighed against the terms of the Settlement; (2) Defendant's financial condition; (3) the complexity and expense of further litigation; (4) the amount of opposition to the Settlement; (5) the procedural fairness to ensure the Settlement is "not the product of fraud or collusion (*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005)); (6) the experience and opinion of counsel on both sides; (7) whether the Settlement resulted from arm's length negotiations (*DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995)); and (8) the timing of the Settlement, including the extent and breadth of discovery (*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)).

8. The Court affirms its prior certification of the Class, pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e), consisting of:

> All of CPAY's customers that, from January 1, 2010, to October 31, 2020 (a) were assessed the TSSNF Fee (a/k/a TSYS Network Fee); (b) were assessed the PCI Noncompliance Fee; (c) had their contractual credit card discount rates increased above their contractual rate by CPAY; and/or (d) had credit card transactions shifted by CPAY from lower-cost rate tiers to higher-cost rate tiers.

9. The Court reaffirms that the Class, as defined above, meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the Class members are sufficiently numerous such that joinder is impracticable; (b)

3

there are common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Class members; (d) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class members; and (e) Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

10. The Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

11. The Court reappoints Plaintiffs Custom Hair Designs by Sandy, LLC and Skip's Precision Welding, LLC as Class Representatives for the Class.

12. The Court reappoints Wagstaff & Cartmell, LLP and appoints Webb, Klase & Lemond, LLC as Class Counsel for the Class.

13. The Court hereby appoints Epiq Systems, Inc. as settlement administrator and directs it to carry out all duties and responsibilities of the settlement administrator as specified in the Settlement and herein.

**Notice Program**

14. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice program set forth at section VI of the Settlement, including the form and content of the proposed forms of class notice attached as Exhibits 2A – 2D and 3 to the Settlement and the proposed procedures for Class members to exclude themselves from the Class or object. The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program—which includes direct notice to Class members sent via email and/or first class U.S. Mail; a settlement website (at the URL, www.centralpaymentclassaction.com)

where Class members can view the full settlement agreement, the detailed long-form notice, and other key case documents, and former customers can electronically submit claims; and a toll-free telephone number where Class members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the notices are adequate and will give the Class members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object, whether to opt out, and whether to submit a claim (for former customers only). The Court finds that the notice clearly and concisely states in plain, easily understood language, inter alia: (a) the nature of this case; (b) the definition of the Class; (c) the class claims and issues; (d) that a Class member may enter an appearance through an attorney if the member so desires; (e) that the Court will exclude from the Class any member who timely and validly requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Class members under Rule 23(c)(3).

15. The Court directs the settlement administrator and the Parties to implement the notice program as set forth in the Settlement.

16. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, CPAY shall work with the settlement administrator (at its own cost) to promptly provide written notice of the proposed Settlement to the appropriate authorities.

17. Within ten (10) days following entry of this Order, CPAY shall provide to the settlement administrator any updates to Class member contact information that has

occurred since it last produced such information as well as a delineation of which Class members are current customers, and which are former customers.

18. No later than thirty (30) days following entry of this Order (the "notice deadline"), the settlement administrator shall send direct notice to the Class members, in conformance with the terms of the Settlement and substantially in the forms attached as Exhibits 2A-2D to the Settlement, by email or postcard, as applicable. If a Class member's individual notice is returned as undeliverable at least seven days prior to the opt-out deadline, the settlement administrator shall use reasonable efforts to locate an updated mailing address for the Class member and, if an updated address is identified, re-mail the notice to their address as updated.

19. The settlement administrator shall maintain the settlement website—which shall include the long-form notice substantially in the form attached as Exhibit 3 to the Settlement and otherwise be in conformance with the terms of the Settlement—and a toll-free number that Class members can call for additional information.

20. No later than fourteen (14) days before the final approval hearing, the settlement administrator shall provide to Class Counsel for filing a declaration confirming that the notice program has been implemented in accordance with the Settlement and this Order (including CAFA notice) and providing a final list of persons who submitted timely and valid requests for exclusion from the Class.

**Claims Procedure**

21. The Court approves the form and content of the proposed claim form, in the form attached as Exhibit 2D to the Settlement, approves the proposed process and methods set forth in the Settlement for former customers to submit claims, and directs the

Parties and the settlement administrator to implement the claims process pursuant to the terms of the Settlement.

22. Class members that are former customers must submit a valid claim form by the claims deadline in order to receive a settlement payment pursuant to the Settlement.

**Opt-Out and Objection Procedures**

23. Class members may exclude themselves from the Class by mailing to the settlement administrator (at the address listed in the long-form notice) a written request for exclusion that is postmarked no later than sixty (60) days after the notice deadline (the "opt-out deadline"). To be effective, the request for exclusion must include: the case name and/or number; the identity of the individual or entity requesting to be excluded; a statement that such individual or entity has chosen to opt-out or exclude itself from the Class; and the name, address, position, and signature of the individual who is acting on behalf of the individual or entity. Mass or class opt outs shall be void. Any Class member who does not opt out of the Class in the manner described in this paragraph shall be deemed to be part of the Class upon expiration of the opt-out deadline, and shall be bound by all subsequent proceedings, orders, and judgments in this case. The settlement administrator shall provide copies of all timely and valid requests for exclusion to Class Counsel and CPAY's counsel.

24. Any Class member that does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Class Counsel's motion for attorneys' fees, expenses, or service awards. To be considered valid, an objection must be filed electronically with the Court or mailed to the Clerk of the

Court (at the address listed in the long-form notice) and also mailed to Class Counsel and CPAY's counsel (at the addresses listed in the long form notice). For an objection to be considered by the Court, the objection must be filed or postmarked no later than sixty (60) days after the notice deadline (the "objection deadline"), and must set forth the following: (a) the name of and case number for the action; (b) the objector's full name, address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Class member; (d) all grounds for the objection, including copies of any papers, exhibits or other evidence that the objecting Class member will present to the Court in connection with the final approval hearing; (e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (g) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (h) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (i) the identity of all counsel representing the objector who will appear at

the final approval hearing; (j) a statement confirming whether the objector intends to personally appear and/or testify at the final approval hearing; (k) at least four dates that the objector will be available to be deposed before the Final Approval Hearing by Class Counsel and Defendant's counsel and the location where the objector will be available; (l) if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include a description of the attorney's legal background and prior experience in connection with class action litigation; the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and the attorney's hourly rate; and (m) the objector's signature (an attorney's signature is not sufficient).

25.     Any Class member that does not make an objection in the manner provided in the preceding paragraph shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the final approval hearing or otherwise, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement or to Class Counsel's request for attorneys' fees, expenses and/or service awards.  Any Class member that objects to the Settlement shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final.

26.     The settlement administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Class Counsel and CPAY's counsel.

**Final Approval Hearing**

27.     The Court will hold a final approval hearing on July 25, 2022, 2022 at 1:30 p.m. (Central time), in Courtroom 3, at the United States District Court for the District of Nebraska, 111 S. 18th Plaza, Omaha, Nebraska 68102.  At the final approval hearing, the Court will, among other things:  (a) determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Class; (b) determine whether judgment should be entered pursuant to the Settlement, dismissing this action with prejudice and releasing all released claims; (c) determine whether the Court's prior certification of the Class should be reaffirmed; (d) rule on Class Counsel's motion for attorneys' fees, expenses, and service awards; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

28.     By no later than thirty (30) days before the opt-out deadline and objection deadline, Plaintiffs and Class Counsel shall file their: (a) motion for final approval of the Settlement; and (b) motion for attorneys' fees, expenses, and service awards.  Promptly after they are filed, these documents shall be posted on the settlement website.

29.     By no later than fourteen (14) days before the final approval hearing, the Parties shall file any responses to any Class member objections and any replies in support of final settlement approval and/or in support of Class Counsel's motion for attorneys' fees, expenses, and service awards.

30. The Court may, in its discretion, modify the date and/or time of the final approval hearing, and may order that this hearing be held remotely or telephonically. In the event the Court changes the date, time, and/or the format of the final approval hearing, the Parties shall ensure that the updated information is posted on the settlement website.

31. Only Class members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the final approval hearing.

32. If the Settlement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement. In the event of a termination, section XII of the Settlement shall apply, including, but not limited to, the Parties shall return to the status quo ante in the action as if the Parties had not entered into the Settlement, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the Court will reset the action for trial.

33. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this action are hereby stayed and suspended until further order of this Court.

34. Pending final determination of whether the Settlement should be finally approved, Plaintiffs and all Class members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum. This bar and injunction is necessary to protect and effectuate the Settlement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

35. This Order, the Settlement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against CPAY or any of the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in this action; (b) any liability, negligence, fault, or wrongdoing of CPAY or the Released Parties; (c) the propriety of maintaining this action as a class action for purposes other than settlement; or (d) the propriety of certifying a class in any other action.

36. The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement, including enforcement of the releases provided for in the Settlement.

37. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement according to its terms should it be finally approved.

38. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class members. Without further order of the Court, the

Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order, including non-material modifications to the exhibits to the Settlement.

39. The following chart summarizes the dates and deadlines set by this Order:

Last day for CPAY to provide the settlement administrator with updated class data

| | |
|---|---|
| Last day for CPAY to provide the settlement administrator with updated class data | **10 days after entry of preliminary approval Order** |
| Notice deadline | **30 days after entry of the preliminary approval Order** |
| Last day for Plaintiffs and Class Counsel to file motion for final approval of the Settlement and motion for attorneys' fees, expenses, and service awards | **60 days after entry of the preliminary approval Order** |
| Opt-out/objection deadline | **90 days after entry of the preliminary approval Order** |
| Last day for the Parties to file any responses to objections and any replies in support of final settlement approval and/or application for fees, expenses, and service awards | **14 days before final approval hearing** |
| Final approval hearing | **July 25, 2022, 1:30 p.m.** |
| Claims deadline | **150 days after entry of the preliminary approval Order** |

Dated this 9th day of March, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge