IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CUSTOM HAIR DESIGNS BY SANDY, LLC, on behalf of themselves and all others similarly situated; and SKIP'S PRECISION WELDING, LLC, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL PAYMENT CO., LLC,<br><br>Defendant. | 8:17CV310<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the unopposed (1) motion for final approval of class action settlement (Filing No. 331) and (2) motion for attorneys' fees, expenses, and service awards (Filing No. 333) filed by Plaintiffs and Class Counsel. The Court has reviewed all of the filings and evidence related to the settlement agreement and release (the "Settlement") (Filing No. 328-2), received comprehensive briefing and declarations, and conducted a final fairness hearing on August 11, 2022. Having considered the written submissions and after oral argument at the hearing, the Court concludes that the class-action settlement should be approved and the motion for attorneys' fees, expenses, and service awards granted.

**I.  LAW**

Federal Rule of Civil Procedure 23(e) requires judicial approval of class action settlements. In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F. 3d 1171, 1178 (8th Cir. 1995). Courts in this Circuit analyze the following factors to determine whether

a settlement is fair, reasonable, and adequate: "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Huyer v. Njema*, 847 F.3d 934, 939 (8th Cir. 2017); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). "The most important consideration in the analysis requires balancing the strength of the [representative] plaintiffs' case against the value of the settlement terms to the class." *Marshall v. Nat'l Football League*, 787 F.3d 502, 514 (8th Cir. 2015). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005). The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. *See Deboer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits, and whether class members were provided with adequate notice and an opportunity to argue their objections to district court. *Id.* at 1176.

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). The Eighth Circuit Court of Appeals has established factors that a court should examine in determining both the reasonableness of a lodestar award, and the use of a multiplier to enhance the award. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *see also Zoll*

*v. E. Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 (8th Cir. 1978) (explaining that the Johnson factors apply to determining both upward adjustments and a reasonable hourly rate). Service awards to representative plaintiffs encourage members of a class to become class representatives and reward individual efforts taken on behalf of a class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (awarding incentive award of $25,000).

## II. BACKGROUND

### A. Procedural

Defendant Central Payment Co., LLC ("CPAY") provides payment processing services. Plaintiffs are former CPAY customers that allege CPAY engaged in billing practices that violated 18 U.S.C. § 1962(c) ("RICO"), fraudulently concealed material facts, breached the covenant of good faith and fair dealing, and breached the Parties' contracts. Plaintiffs sought to recover the alleged overcharges on behalf of themselves and a national class of other merchants. CPAY denied Plaintiffs' allegations.

The original complaint was filed on August 21, 2017 and asserted breach of contract claims. After CPAY answered and the parties took preliminary discovery, Plaintiffs amended the complaint to add claims for RICO and fraudulent concealment. CPAY moved to dismiss these new claims and such motion was denied. Filing No. 87. Substantial discovery followed, including the production and review of tens-of-thousands of pages of documents, the exchange of three expert reports, and the taking of six depositions. Plaintiffs thereafter moved for certification of the Class and CPAY moved for summary judgment and to strike one of Plaintiffs' experts. On February 11,

2020, the Court certified the Class, denied summary judgment to CPAY, and denied the motion to strike.  Filing No. 142.

CPAY obtained leave from the Eighth Circuit to appeal the class certification decision and the case was stayed pending resolution of that appeal.  The Eighth Circuit thereafter affirmed this Court's class certification decision.  *Custom Hair Designs by Sandy, LLC v. Central Payment Co., LLC*, 984 F.3d 595 (8th Cir. 2020).  CPAY's subsequent requests for *en banc* review from the Eighth Circuit and certiorari review from the Supreme Court were also denied.

The Parties thereafter resumed merits discovery, with more than 300,000 pages of additional documents being produced, 15 additional depositions being taken, and seven additional expert reports being exchanged.  After Plaintiffs provided notice to the Class in accordance with the plan approved by the Court, the Parties engaged in voluminous motion practice.  CPAY moved to stay the claims of certain Class members it claimed were contractually bound to arbitrate any disputes and separately moved for leave to assert arbitration as an affirmative defense.  After both motions were denied (Filing No. 153), CPAY appealed.  Although CPAY was denied a stay pending resolution of this appeal in this Court, its request for a stay from the Eighth Circuit (as well as its arbitration appeal) remained unresolved at the time the Settlement was reached.

CPAY also filed three additional motions:  a motion to decertify the Class, a motion for partial summary judgment on several elements of the Class claims, and a motion to preclude testimony from one of Plaintiffs' experts.  Plaintiffs, meanwhile, filed two motions:  a motion for summary judgment on all elements of the express breach of

4

contract claim except damages, as well as a motion to preclude testimony from one of CPAY's experts and limit the testimony of another. All such motions were denied (Filing No. 297).

The Parties engaged in pre-trial activities, exchanging witness lists, exhibit lists, deposition designations, motions in limine, and responses and objections thereto. While in the midst of their trial preparations, the parties participated in mediation on January 7, 2022, with experienced class-action mediator Hunter Hughes. Despite arm's length and contentious negotiations, no settlement was reached. However, the parties continued to exchange settlement proposals following the mediation and ultimately reached a memorandum of understanding on the terms of the settlement.

The Settlement was subsequently reduced to a settlement agreement and release, for which the parties sought preliminary approval. On March 9, 2022, the Court issued preliminary approval of the proposed settlement, affirmed its earlier certification of the Class, and instructed that notice of the settlement be distributed to the class members (Filing No. 329).

On March 14, 2022, the settlement administrator provided notice of the proposed settlement to the appropriate federal and state authorities, as required by and in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b). Notice was thereafter distributed to the 185,884 Class members in accordance with the preliminary approval Order and the Settlement. The motion for final approval of class action settlement and motion for attorneys' fees, expenses, and service awards were filed by Plaintiffs and Class Counsel on May 6, 2022 (Filing No. 331; Filing No 332;

Filing No. 333; Filing No. 334; Filing No. 335). No objections to the Settlement or to either of the motions were filed before the June 7, 2022, deadline set by the Court.

### B. The Terms of the Settlement

Pursuant to the settlement, CPAY will pay up to $84,000,000 to establish a fund which will provide cash benefits to the Class members and also cover attorneys' fees and expenses, service awards, and notice and administration costs. All of the 185,884 Class members are eligible to receive a cash payment under the Settlement. The 27,164 Class members that are current customers will automatically be issued cash payments without the need to submit a claim. The 158,720 Class members that are former customers are eligible to receive cash payments by filing a simple claim form.

The precise amount of the settlement fund (up to $84,000,000) will depend on the number of valid claims submitted by former customers but, no matter how many claims are submitted, CPAY will under no circumstances pay less than $58,800,000. The amount of each Class member's payment will be calculated pursuant to the allocation method attached as Exhibit 1 to the Settlement.

In conjunction with the Settlement, the Class will release CPAY from all claims that were or could have been raised in this litigation. Class members specifically retain all rights to challenge invoices sent by CPAY after March 9, 2022. Pursuant to, and as more fully described in Section X of the Settlement, as of the date Defendant makes its last contribution to the settlement fund, the releasing parties shall be deemed to have and, by operation of this final order and judgment shall have, fully and irrevocably released and forever discharged the released parties from the claims identified in

paragraph 76 of the Settlement. The release does not affect any right of the Releasing Parties to contest for any reason any invoice sent by CPAY after March 9, 2022.

In the event funds remain in the settlement fund ninety (90) days after reissued checks are mailed as contemplated by paragraph 73 of the Settlement, such funds shall be distributed to Class members that previously cashed their checks if there are sufficient remaining funds to warrant such a distribution. If there are not sufficient remaining funds to warrant such a distribution, they shall be distributed via *cy pres* to such recipient(s) as are agreed on by the Parties and submitted to the Court for approval.

### III. ANALYSIS

#### A. Adequacy of Notice

Based on the declarations of Peter Sperry of Epiq Systems, Inc. (the appointed Settlement Administrator) (Filing No. 335-1; 341-1), the Court finds that that the Class members have been individually notified of the Settlement pursuant to the plan approved and directed by the Court's preliminary approval Order, with more than 92% of these notices being successfully delivered. The Court further finds that the notice program constituted the best practicable notice of the Settlement to the Class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1), Fed. R. Civ. P. 23(c)(2)(B), and 28 U.S.C. § 1715. Accordingly, the Court has jurisdiction over all class members for purposes of the Settlement.

#### B. Merits of the Settlement

The Court has reviewed the terms of the Settlement and noted the lack of any objections from Class members. After consideration of all of the criteria set forth in Fed.

7

R. Civ. P. 23(e)(2), as well as those set forth in *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988), the Court finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the Class.

The Court specifically finds that the appointed class representatives have provided outstanding representation of the Class, and treatment of this litigation as a class action for settlement purposes, with the Class as defined below, is appropriate, proper, and satisfies the criteria set forth in Federal Rule of Civil Procedure 23(e). There has been extensive discovery conducted in this litigation, and the Parties and their counsel were thus well-informed about the relative strengths and weaknesses of their positions and well-positioned to determine the reasonableness of the Settlement. The terms of the Settlement provide substantial, direct, and prompt cash payments to the Class via a methodology that is simple and straightforward.

Class Counsel have zealously represented the Class, are experienced practitioners with significant experience in class action litigation, and have recommended approval of the Settlement. The future expense and likely duration of the litigation, its uncertainty of outcome, and the range of recovery if the litigation were to proceed support approval of the Settlement.

Importantly, nothing indicates an absence of good faith or independence by Plaintiffs, Class Counsel, or CPAY in negotiating the Settlement and indeed the Settlement was reached without collusion or fraud and at arm's length with the assistance of an experienced mediator. Lastly, no Class member has objected to the Settlement and the Settlement treats Class members equitably relative to each other.

The Court thus hereby finally approves in all respects the Settlement and finds that the Settlement's terms for allocating and distributing the settlement fund are in all respects fair, reasonable, and adequate, and are in the best interests of the Class.

The Court reaffirms its prior certification of the Class, Filing No. 142, consisting of:

> All of CPAY's customers that, from January 1, 2010, to October 31, 2020 (a) were assessed the TSSNF Fee (a/k/a TSYS Network Fee); (b) were assessed the PCI Noncompliance Fee; (c) had their contractual credit card discount rates increased above their contractual rate by CPAY; and/or (d) had credit card transactions shifted by CPAY from lower-cost rate tiers to higher-cost rate tiers.

As previously stated, excluded from the Class are Defendant; parents or subsidiaries of Defendant; any entity in which any Defendant has a controlling interest; Defendant's counsel of record; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are those Class members that properly excluded themselves from the Class.

The Court reaffirms that the Class meets all the requirements of Federal Rule of Civil Procedure Rule 23(a) and (b)(3), namely that the Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Class members; that the Class Representatives and Class Counsel have and will fairly and adequately protect the interests of the Class; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

Plaintiffs Custom Hair Designs by Sandy, LLC and Skip's Precision Welding, LLC have adequately represented the Class and are appointed as Class Representatives.

Wagstaff & Cartmell, LLP and Webb, Klase & Lemond, LLC have adequately represented the Class and are appointed as Class Counsel.

### C. Attorneys' Fees, Expenses, and Service Awards

*1. Attorneys' Fees*

The Court hereby grants to Class Counsel a fee in the amount of $28,000,000, which the Court finds to be fully supported by the facts, record, and applicable law. This amount shall be paid from the settlement fund.

The Court finds that the Parties' agreement with regard to the payment of fees was not negotiated while they were negotiating the other terms of the Settlement and that the agreement was not the product of collusion or fraud. In fact, the amount of attorneys' fees to be paid was negotiated only after the other terms of the Settlement had been agreed upon. The agreed-upon fee is warranted as it is reasonable under the applicable facts and law.

The requested fee is justified under the percentage-of-the-benefit method, which the Eighth Circuit has recommended be applied to common fund cases such as this matter. *Anderson v. Travelex Ins. Servs., Inc.*, No. 8:18-cv-362, 2021 WL 4307093, *3 (D. Neb. Sept. 22, 2021) (citing *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 245-46 (8th Cir. 1996)).

The fee represents one-third (33.33%) of the $84,000,000 in cash made available to the Class, which the Court finds to be reasonable and consistent with awards in similar cases in this Circuit. *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (affirming fee of one-third of $24 million benefit); *also, e.g.*, *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865-66 (8th Cir. 2017) (affirming fee of one-third of $60 million

fund); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming fee award of 36% of fund); *Lechner v. Mutual of Omaha Ins. Co.*, No. 8:18cv22, 2021 WL 424421, *2 (D. Neb. Feb. 8, 2021) (granting fee request of one-third and finding it to be typical in class action litigation) (Bataillon, J.).

In approving the requested fee, the Court has carefully considered the reasonableness factors listed in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), namely:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee for similar work in the community; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

See *Keil v. Lopez*, 862 F.3d 685, 697 (8th Cir. 2017) ("To determine the reasonableness of a fee award . . ., district courts may consider relevant factors from the twelve factors listed in *Johnson*"). The record shows that factors (1) through (6), (8) through (10), and (12) directly support the requested fee, while factors (7) and (11) are neutral.

### 2. Expenses

The Court hereby grants to Class Counsel the requested reimbursement of $1,209,102.88 in litigation expenses they have incurred during the prosecution of this case. This expense award is fully supported by the Settlement, the facts, the record, and the applicable law. *E.g.*, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970).

   *3. Service Awards*

The Settlement provides for service awards of $15,000 for each of the two Class Representatives for their service on behalf of the Class. "Courts often grant service awards to named plaintiffs in class action suits to 'promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.'" *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017) (quotation omitted). The Court finds that payment of these service awards is warranted and approved in this case in light of the Class Representatives' substantial work on behalf of the Class and the risks they took in bringing suit.

The awarded fees and expenses shall be paid to Class Counsel and the service awards shall be paid to the Class Representatives in accordance with the terms of the Settlement.

**IT IS THEREFORE ORDERED THAT:**

1. The Court grants the Unopposed Motion for Settlement, Filing No. 331, and grants the Unopposed Motion for Attorney Fees, Expenses, and Service Award, Filing No. 333, and approves Class Counsel's requests for attorneys' fees of $28,000,000, expenses of $1,209,102.88, and service awards of $15,000 each for the Class Representatives.

2. The Parties and the Settlement Administrator are directed to carry out the Settlement according to its terms.

3. The Court hereby dismisses this action with prejudice as against the named Plaintiffs, all Class members, and Defendant, and the Parties are directed to

take the necessary steps to effectuate the terms of the Settlement. The Parties shall bear their own costs except as provided by the Settlement.

4. No Class Representative or Class member, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the Settlement, and they are hereby permanently enjoined from so proceeding, including during the pendency of any appeal from this Final Approval Order.

5. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of this final order and judgment, to protect and effectuate this final order and judgment, and for any other necessary purpose. The Class Representatives, Defendant, and each Class member (including any objectors, though there are none) are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this final order and judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties hereto are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

6. That the Parties have reached a Settlement and participated in proceedings related to the Settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, or wrongdoing; provided, however, that reference may be made to the Settlement as may be necessary to effectuate or enforce its provisions.

7. In the event that the Settlement does not become effective according to its terms, this order and final judgment shall be rendered null and void as provided by the Settlement, shall be vacated, and all orders entered and releases delivered in connection with the Settlement shall be null and void to the extent provided by and in accordance with the Settlement.

8. A separate judgment will be entered.

Dated this 17th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge